OPINION
Ronnie E. Foreman is appealing from his adjudication to be a sexual predator. Foreman had been indicted in 1975 of a sexually oriented offense, and in 1976 was sentenced to three to fifteen years. In 1986, he was paroled, but in 1987, he was convicted of two counts of aggravated burglary and aggravated robbery. He was still incarcerated for those offenses when the State initiated the sexual predator determination process. One of the motions filed by counsel for appellant during that process was to dismiss on the grounds that Foreman was not currently incarcerated for the sexually oriented offenses for which he had previously been convicted and paroled from. This motion was apparently never ruled upon.
Foreman timely appealed, and his appointed counsel filed an Anders brief alleging there were no issues presented for appeal. This court, however, appointed new counsel for Foreman on the grounds that there was a question of whether Foreman was still serving the terms in prison for the two sexually oriented offenses.
On appeal, counsel for Foreman raised the sole argument that a defendant currently incarcerated for a non-sexually oriented offense cannot be found to be a sexual predator based upon his previous conviction of a sexually oriented offense from which he has since been released from incarceration.
The law in issue is R.C. 2950.09(C)(1) which states:
 If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section. (Emphasis added).
This issue was recently addressed by this court in State v. Thiel (Mar. 10, 2000), Montgomery App. No. 17908, unreported. In that case, we were reviewing a decision by the Common Pleas Court of Montgomery County, Ohio, granting the defendant's motion to dismiss on the grounds that he was incarcerated at the time of the hearing on a non-sexually oriented offense after he had previously served his time for a sexually oriented offense. On appeal, this court reversed, stating:
 There is no question that the first two requirements are satisfied: Thiel was convicted and sentenced for gross sexual imposition prior to January 1, 1997. The critical issue is whether Thiel's continued imprisonment after January 1, 1997, for non-sexually oriented offenses nevertheless subjected him to a sexual predator classification proceeding. The State contends, and we agree, that the trial court impermissibly read an additional requirement into R.C. 2950.09(C)(1) that simply isn't there: i.e., that Thiel's continued imprisonment after January 1, 1997, must be for a sexually oriented offense.
 R.C. 2950.09(C)(1) is clear and unambiguous and does not contain the additional requirement attributed to it by the trial court. Given the clarity and lack of ambiguity of R.C. 2950.09(C)(1), it was error for the trial court to interpret the statute as narrowly as it did. On similar facts, the Court of Appeals for Franklin County has come to the same conclusion as we do in this case. State v. Johnson (Sept. 24, 1998), Franklin App. No. 97APA12-1585, 1589, unreported.
Thiel, 3.
The appellant argues that a strict construction of the statute, as this court did in Thiel, can lead to "absurd results" and relies upon the use of the word "still" in the decision of the Ohio Supreme Court in State v. Cook (1998), 83 Ohio St.3d 404, 410: "First, R.C. 2950.09(C)(1) applies to those sex offenders who were convicted and sentenced prior to the effective date of the statute and are still imprisoned when the statute became effective." The court there was considering prospective or retrospective application of the statute, and we do not read the use of the word "still" in that context as determinative of the issue presented here. We see no reason to depart from our literal reading of the statute in question as we applied it in Thiel.
The assignment of error is overruled, and the judgment is affirmed.
WOLFF, P.J. and GRADY, J., concur.